Turley, J.
delivered the opinion of the court.
On the 25th day of June, 1839, Moses Norvell procured to be issued in the County of Williamson an original attachment against the estate of Daniel P. Perkins, a non-resident for the purpose of forcing his appearance to answer a demand against him for the sum of four thousand one hundred and seventy dollars.
This attachment was levied on the 1st day of July, 1839, upon all the right, title, claim and interest that Daniel P. Perkins had in, and to seven hundred acres of land, lying in Williamson County, on Big Harpeth river, and returned to the April term, 1840, of the Circuit Court for said county.
On the 23d day of July, 1840, a declaration was filed in the suit, and all proceedings in the case, stayed for six months.
On the-9th day of March, 1841, Perkins having failed to enter his appearance for the defence of the suit, a judgment by default was taken against him, and a writ of enquiry awarded.
On the 30th day of March, 1841, and before the damages were assessed, the death of Perkins was suggested.
Letters of administration were granted to Preston Hay upon the estate of Perkins, and on the 16th day of April, 1841, a scire facias was issued against him for the purpose of reviving the suit, having the writ of enquiry executed and a judgment final thereon. Upon the return of the scire fa-cias, the administrator pleaded no assets by descent, which plea was found in his favor. The writ of enquiry was executed, and the defendant was found to be indebted to the plaintiff in the sum of four thousand one hundred and forty one dollars and sixty-six cents, for which amount judgment was given.
On the 18th day of June, 1842, a scire facias was issued upon this judgment against the heirs at law of Daniel P. Perkins, requiring them to show cause why the plaintiff should not have satisfaction of his judgment out of the land attached. The heirs appeared and made defence, which *153 was overruled by the court, and judgment given accordingly. To reverse which this writ of error is prosecuted. And now, the principal question for the consideration of this court, and the one upon which the case depends, is, whether the proceedings under the attachment are regular, and of such a character as gave the Circuit Court power to subject the land to the satisfaction of the judgment? And, we think, they are.
All the questions made upon this subject of controversy, are virtually settled in the case of Green vs. Shaver, 3 Hum. 139. There it is said, by Judge Green, who delivered the opinion of the court, that “the proceeding by attachment, is not a proceeding in rem; that the property attached is in the custody of the law, and will be held for the satisfaction of the debt, if the party indebted does not appear and replevy. But the suit is against the debtor, and the attachment is a means adopted for the security of the creditor, and for enforcing the debtor’s appearance. The declaration is filed against the debtor, and judgment must be rendered against him before the property can be condemned to be sold. After the death of Hickman (who in that case was the defendant to the attachment) there was no person against whom, a judgment could be rendered, until Shaver administered, and the suit was revived against him. After his death, his land, (which had been attached) descended to his heirs, and the title vested in them, notwithstanding the lien created by the levy of the attachment. No judgment could be rendered condemning the land until the heirs were before the court. Notwithstanding the attachment had been levied on the land, they would have a right to require that the judgment of the plaintiff should be satisfied out of the personal assets in the hands of the administrator, if there were any, and having this right, they must be regularly before the court, that they may see that the personal assets have been regularly and fully administered.”
Every thing has been done in the case under consideration which is required by the case of Green vs. Shaver. Upon the death of the defendant the suit was regularly revived *154 against his personal representatives, and judgment rendered against him to be levied of assets, quando aceiderint.
The heirs are made parties by scire facias, and they failing to show that there were personal assets of the estate for the satisfaction of the judgment, or any thing else in defence, the land was ordered to be sold.
It is difficult to conceive of any thing more regular, and in stricter conformity to law than this proceeding.
Some formal objections have been taken, but we do not think them of sufficient importance to need investigation, as they do not in our judgment, touch the merits of the case.
Let the judgment be affirmed.